# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JERMAINE D. WILLIAMS,

    Plaintiff,

v.

JEFFREY FRANKLIN, CARLA FUTCH, JOHN DOE NUMBER ONE, and JOHN DOE NUMBER TWO, in their Individual and Official Capacities as Officers of the Brunswick Police Department, and THE CITY OF BRUNSWICK, GEORGIA,

    Defendants.

CV 2:17-128

## ORDER

Plaintiff filed this action seeking damages pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Before the Court is Defendants Jeffrey Franklin, in his individual and official capacities, Carla Futch, in her individual and official capacities, and the City of Brunswick's Motion for Summary Judgment, dkt. no. 34, pursuant to Federal Rule of Civil Procedure 56. The Motion has been fully briefed and is ripe for review.[1] For the reasons stated below, Defendants' Motion is **GRANTED**.

---

[1] Although Plaintiff has failed to respond to Defendants' Motion, the Motion is ripe for review because Plaintiff's time to respond has lapsed.

## BACKGROUND

All material facts set forth in Defendants' Statement of Undisputed Material Facts, dkt. no. 34-1, are deemed admitted for the purpose of this Motion because Plaintiff has not controverted them by filing his own statement of facts (or any other materials in opposition of Defendants' Motion). LR 56.1, S.D. Ga. ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless, controverted by a statement served by the opposing party.").

The Brunswick Exchange Club (the "Exchange Club") is a non-profit, local, civic organization, that holds an annual Brunswick Exchange Club Fair. Dkt. No. 34-1 ¶ 2. The Exchange Club owns the real estate where the fair is conducted—none of the property where the fair is conducted is owned by the City of Brunswick—and the Exchange Club determines who can and cannot enter the fair. Id. ¶¶ 6-8. Patrick Browning, as the "Fair Manager," coordinates the Brunswick Exchange Club Fair and has done so for approximately 22 years. Id. ¶ 1. Pursuant to these duties, Browning coordinates with the City of Brunswick Police Department to have the department's officers work the fair. Id. ¶ 5. For the 2015 fair, the Exchange Club instructed the officers working the fair that gang members, suspected gang members, and persons associated with gang members were not permitted to enter the fair. Id. ¶ 9.

On October 30, 2015, Plaintiff and his minor daughter entered the Exchange Club fairgrounds and attempted to get in the ticket line to buy tickets to enter the fair itself but were approached by Defendant Officers Franklin and Futch. Id. ¶¶ 11, 12. In 2015, Defendant Officer Franklin was the gang investigator for the City of Brunswick Police Department. Id. ¶ 14. At that time, Defendant Officer Futch was also an officer with the City of Brunswick Police Department. Dkt. No. 31 at 4, 5. Officers Franklin and Futch had arrested Plaintiff on a prior occasion, and Plaintiff had been arrested on other prior occasions by the City of Brunswick Police Department. Dkt. No. 34-1 ¶¶ 13, 19. Further, Officer Franklin was aware that Plaintiff was on a list as a known gang member. Id. ¶ 15. In fact, Officer Franklin had created that list and had surveilled Plaintiff prior to the October 30, 2015 encounter. Id. ¶ 16.

When Officers Franklin and Futch approached Plaintiff, they told him that he was a known "gang banger" and was not allowed to enter the fair. Id. ¶ 28. The officers then told Plaintiff to wait where he was, and the officers went and talked to a third-person. Id. The officers and the third-person then approached Plaintiff again and told him that he could not enter the fair because he was a gang member. Id. After that, Plaintiff was free to go and left the Exchange Club fairgrounds. Id. At that time,

AO 72A
(Rev. 8/82)

Plaintiff believed he could go anywhere in the world other than the Exchange Club fairgrounds. Id.

Plaintiff filed this action to recover damages and other compensation, which Plaintiff claims is owed to him under 42 U.S.C. § 1983.

## **LEGAL STANDARD**

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. If the moving party discharges this

burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257.

The nonmovant may satisfy this burden in two ways. First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993) (quoting Celotex Corp., 477 U.S. at 332 (Brennan, J., dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. Where the nonmovant attempts to carry this burden instead with nothing more "than a repetition of his conclusional allegations, summary judgment for the [movant is] not only proper but required." Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981) (citing Fed. R. Civ. P. 56(e)).

## DISCUSSION

Even though Defendants' Motion is unopposed, the Court must address the Motion on its merits. See United States v. 5800 SW 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004) ("[A] district court cannot base the entry of summary judgment on the mere fact

that the motion was unopposed, but, rather, must consider the merits of the motion.").

**I. The Individual Defendants are Entitled to Summary Judgment on the Fifth Amendment Claims**

Plaintiff's Complaint sets forth two Fifth Amendment claims against Defendants Franklin and Futch in their individual capacities (the "Individual Defendants"): Count IX for deprivation of liberty, and Count X for deprivation of property. Count XIII merely repeats that Defendants violated Plaintiff's Fifth Amendment rights as alleged in Counts IX and X and that Defendants are being sued under 42 U.S.C. § 1983. These claims fail "because [the Fifth Amendment] protects a citizen's rights against infringement by the federal government, not by state government." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1328 (11th Cir. 2015). Accordingly, Defendants' Motion with respect to Counts IX, X, and XIII is due to be **GRANTED**.

**II. The Individual Defendants are Entitled to Summary Judgment on the First Amendment Claims**

Plaintiff's Complaint sets forth five First Amendment claims against Defendants Franklin and Futch in their individual capacities: Count I for prior restraint; Count II for freedom of association; Count III for freedom of assembly; Count IV for freedom of travel; and Count V for freedom of speech. The Complaint also sets forth a Count XI that merely repeats the

allegations from Counts I - V and states that the claims in these Counts are brought under 42 U.S.C. § 1983. All of these claims fail.

**A. Count I: Prior Restraint**

To be successful on a claim under 42 U.S.C. § 1983, Plaintiff must prove: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights secured by the Constitution or law of the United States." Morrison v. Washington Cty., Ala., 700 F.2d 678, 682 (11th Cir. 1983). "A prior restraint on speech prohibits or censors speech before it can take place." Cooper v. Dillon, 403 F.3d 1208, 1215 (11th Cir. 2005). "A prior restraint on expression exists when the government can deny access to a forum for expression before the expression occurs." United States v. Frandsen, 212 F.3d 1231, 1236-37 (11th Cir. 2000).

The Individual Defendants argue that "the critical element missing from Plaintiff's case is that his speech is not being restrained by a governmental entity, nor is he being prevented from presenting any expression in a government forum." Dkt. No. 34-2 at 18. Defendant has met its burden at this stage of showing that there is no issue of material fact that a governmental entity has not restrained Plaintiff's First Amendment rights of association, assembly, travel (to the extent there is such a right), and speech. Plaintiff was merely told he could not enter

a fairground on private property. Plaintiff has failed to respond and thus has not met its burden of showing a genuine issue of material fact on this claim. Accordingly, the Individual Defendants' Motion on this claim is due to be **GRANTED**.

**B. Count II and III: Freedom of Association and Assembly**

Plaintiff alleges that his rights of freedom of association and assembly were violated by him not being allowed to enter the fair. Plaintiff, however, was not barred from associating or assembling with anyone. He was simply barred from entering a private establishment based on the policy of a private entity. Likewise, Plaintiff has set forth no evidence in the record that his right to intimate association was impacted by the Individual Defendants' actions. "The First Amendment prohibits the state from denying its citizens the right to associate with whomever they choose." Smith v. City of Greensboro, 647 F. App'x 976, 982 (11th Cir. 2016). Under this record and as a matter of law, Plaintiff's right of association was not violated and his right to assemble was not violated because Plaintiff was free to associate or assemble with whomever he pleased. Accordingly, the Individual Defendants' Motion on these claims is due to be **GRANTED**.

**C. Count IV: Freedom of Travel**

Plaintiff next claims that his First Amendment right of freedom of travel was violated by Defendants Franklin and Futch in their individual capacities. The Individual Defendants' argue

that there is no First Amendment right of freedom of intrastate travel, which is what occurred here. No court in this circuit has recognized a First Amendment right of freedom of travel, let alone intrastate travel. Therefore, there is no jurisprudence by which this claim can be analyzed. Because the Individual Defendants have met their burden of showing that Plaintiff did not have a constitutional right violated regarding this claim and because Plaintiff has not met his burden of showing that a reasonable jury could find that he had a constitutional right of freedom of travel that was violated, his claim fails as a matter of law. Accordingly, the Individual Defendants' Motion on this claim is due to be **GRANTED**.

### D. Count V: Freedom of Speech

Plaintiff's final First Amendment claim alleges that his right to freedom of speech was violated when he was refused entry to the fair. "To state a retaliation claim, the commonly accepted formulation requires that a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). Here, Plaintiff's speech or act was not constitutionally protected. Defendants' actions were taken because of Plaintiff's gang affiliation status,

AO 72A
(Rev. 8/82)

which is not a speech or act that is protected under the First Amendment. Further, Plaintiff was not engaged in speech at all. He was merely trying to enter private property. Thus, whether Plaintiff's claim is couched as a retaliation claim for engaging in protected speech or as a prior restraint claim, the claim fails. Accordingly, the Individual Defendants' Motion on this claim is due to be **GRANTED**.

**E. Count XI**

Count XI merely restates that Counts I-V are brought under § 1983. This Count fails not only because it is redundant but because it is based on Counts I-V which are all due to be dismissed. Accordingly, the Individual Defendants' Motion on this claim is due to be **GRANTED**.

**III. The Individual Defendants are Entitled to Summary Judgment on the Fourth Amendment Claims**

Plaintiff's Complaint sets forth three Fourth Amendment claims against Defendants Franklin and Futch in their individual capacities: Count VI for unreasonable detention; Count VII for unreasonable seizure; and Count VIII for unreasonable exclusion. The Complaint also sets forth a Count XII that merely repeats the allegations from Counts VI - VIII and states that the claims in these Counts are brought under 42 U.S.C. § 1983. All of these claims fail.

"The Fourth Amendment, which is applicable to the States through the Fourteenth Amendment, guarantees the right against unreasonable searches and seizures." Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 n.15 (11th Cir. 2010) (citations omitted). "There are three broad categories of police-citizen encounters for purposes of our Fourth Amendment analysis: (1) police-citizen exchanges involving no coercion or detention; (2) brief seizures or investigatory detentions; and (3) full-scale arrests." United States v. Partin, 634 F. App'x 740, 746 (11th Cir. 2015) (citation omitted). "The first type of encounter, often referred to as a consensual encounter, does not implicate the Fourth Amendment." United States v. Jordan, 635 F.3d 1181, 1186 (11th Cir. 2011). "A seizure occurs for Fourth Amendment purposes, however, '*only when*, by means of physical force or a show of authority, [a person's] freedom of movement is restrained.'" United States v. Perez, 443 F.3d 772, 778 (11th Cir. 2006) (emphasis added) (alteration in original) (quoting Craig v. Singletary, 127 F.3d 1030, 1041 (11th Cir. 1997)). "Factors relevant to this inquiry include, among other things: whether a citizen's path is blocked or impeded; whether identification is retained; the suspect's age, education and intelligence; the length of the suspect's detention and questioning; the number of police officers present; the display of weapons; any physical touching of the suspect, and the language

AO 72A
(Rev. 8/82)

and tone of voice of the police." Id. (internal quotation marks and citation omitted).

The encounter between Plaintiff and the Individual Defendants was nothing more than a police-citizen exchange, which "does not implicate the Fourth Amendment." Jordan, 635 F.3d 1186. Plaintiff testified that he was approached by Futch and Franklin, that they told Plaintiff that he could not enter the fair because he was a known gang member, that they told Plaintiff to wait where he was, left Plaintiff, and went to talk with a third-person, that the three then approached Plaintiff and again told him he could not enter the fair, and that Plaintiff then left the fair without incident. Plaintiff was never told he could not leave, his path was never blocked or impeded, there were three officers present for a short exchange, his identification was never taken, and Plaintiff was never touched. All factors point to the exchange merely being a consensual encounter in which the Fourth Amendment does not come into play. The strongest and only fact in Plaintiff's favor is that Futch and Franklin told him to stay where he was when they went to talk to the third-party, but this does not suggest that Plaintiff could not have left the fairgrounds at that time. At most, one can reasonably infer that Plaintiff was not free to enter the fair or wander about the private property of the Exchange Club. Because the Fourth Amendment was not implicated by the consensual encounter between the Individual Defendants and

AO 72A
(Rev. 8/82)

Plaintiff, the Individual Defendants' Motion with respect to Counts VI-VII and XII is due to be **GRANTED**.

**V. The City of Brunswick and Futch and Franklin in Their Official Capacities are Entitled to Summary Judgment**

Defendants Futch and Franklin in their official capacities are equivalent to the City of Brunswick, "[b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). As such, Defendants Futch and Franklin in their official capacities and Defendant the City of Brunswick are analyzed together as the "City Defendants."

"The Supreme Court has placed strict limitations on municipal liability under § 1983. A county's liability under § 1983 may not be based on the doctrine of respondeat superior." Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003) (citations omitted). "Indeed, a county is liable only when the county's 'official policy' causes a constitutional violation." Id. (citation omitted). "A plaintiff . . . has two methods by which to establish a [municipal's] policy: identify either (1) an officially promulgated [municipal] policy or (2) an unofficial custom or practice of the [municipal] shown through the repeated

acts of a final policymaker for the [municipal]." Id. (citations omitted). "Under either avenue, a plaintiff (1) must show that the local governmental entity, here the [City of Brunswick], has authority and responsibility over the governmental function in issue and (2) must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." Id. (citations omitted).

Here, Defendants have met their burden by showing that there is no evidence in the record establishing that the City Defendants either had "authority and responsibility over the governmental function in issue," id., i.e., the Exchange Club fair's admittance requirements (more broadly the Exchange Club fair), or that a city official has been identified whom has final policymaking authority over the acts alleged to have caused Plaintiff's constitutional rights to be violated. Indeed, Plaintiff has not responded to Defendants' Motion, and thus he has not met his burden at this stage. Accordingly, the City Defendants' Motion is due to be **GRANTED** with respect to all claims.

## CONCLUSION

For these reasons, Defendants' Motion for Summary Judgment is **GRANTED** with respect to all claims. The clerk of court is **DIRECTED** to close this case.

**SO ORDERED**, this 31st day of January, 2019.

/s/ Lisa Godbey Wood
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)